## T. P. MADDEN et al., Respondents, v. FRANK ASHMAN et al., Appellants.

### No. 2161; July 21, 1870.

**Limitation of Actions—Evidence.—The Plea of the Statute of Limitations** or any mere matter of avoidance is not in the nature of a cross-complaint, to be met by further pleadings. The plaintiff may, on the pleadings as they stand, introduce any evidence which will avoid the effect of the new matter.

**Nonsuit—Denial—Appeal.—If a Defendant, After Denial** of his motion for a nonsuit, proceeds with his evidence and thereupon the supposed defects are cured, the denial is not good matter for an appeal.

**Boundaries.—Where on Appeal a Point has Reference to a Boundary** line left indefinite in the statement, by reason of the absence of maps referred to in the evidence, the court deeming the evidence conflicting may on that ground refuse to disturb the judgment.

**Boundaries—Navigable Stream.—**Where a Surveyor's Straight and angular lines along a navigable stream are concerned in the map of a government survey, it is not to be supposed that the government meant to reserve the small and useless parcels between these and the banks. Where there is no natural boundary the line of survey will determine the boundary, but where the call is for a navigable stream, the only necessity for a survey is for purposes of computation.

APPEAL from Sixth Judicial District, Sacramento County.

Cadwallader for respondents; Sturr for appellants.

TEMPLE, J.—Action to recover land situated in the county of Sacramento. The defendant set up the statute of limitations. The plaintiff derived title from a Mexican grant and under a patent issued within five years before the commencement of the action. The defendants contend that having established an adverse possession of more than five years, the plaintiff cannot avail himself of the exception in the limitation act in favor of titles derived from the Mexican government unless such title is pleaded.

The plea of the statute of limitations or any mere matter of avoidance is not a cross-complaint, which requires an answer or reply on the part of the plaintiff, and if a replication had been filed setting up the facts which constitute the exception to the general statute, such reply would have been unauthorized. Such matters are deemed controverted, and the plaintiff may introduce any evidence which will avoid the effect of such new matter without pleading it.

The motion for a nonsuit was properly denied. The testimony of the plaintiff made a prima facie case, but if this were otherwise, the defendants did not rely upon their motion, but proceeded to introduce evidence and the supposed defects were afterward cured. The description in the deeds showing the deraignment from Mesick to the plaintiff seems to be identical with that in the complaint, and evidence was introduced which tended to show the defendants within that description. Indeed, this is admitted in the answer.

There is some confusion as to the south line of the plaintiff's land, and there may be some doubt as to where that line should be located, but in the absence of the maps referred to in the evidence, it is impossible for us to understand the testimony

on this point, and as the evidence appears to be conflicting, we should not disturb the judgment on that ground.

The patent in general terms describes the land granted as bounded on the west by the Sacramento river. In making the survey the surveyor, as is usual in such cases, ran along the bank of the river a series of short lines, called in the briefs in this case "meander lines," thereby following as near as possible the general course of the river, and by proper setoffs enabling the surveyor to compute the area included in the tract thus bounded by the river. A portion of the land occupied by the defendants is between these meander lines and the river, and it is contended that such portions are not included within the land granted by the patent. The river was manifestly intended as the western boundary of the land described in the patent, and these short lines were run for the convenience of the surveyor, because it was impossible, or very inconvenient, to run any but straight lines. They were never intended to represent, except approximately, the boundary of the grant. It cannot be supposed that the government intended to reserve these small and useless parcels of land scattered along the banks of a navigable stream. Where there is no natural boundary, the line of the survey will determine the boundary, but where the call is for a navigable stream, the only necessity for a survey is for purposes of computation.

The tax deeds put in evidence by the defendants cannot avail them, for the reason that they were all for taxes levied upon the land while they were in possession and while, therefore, it was their duty to pay the tax.

The order denying the motion for a new trial and the judgment are affirmed.

We concur: Sprague, J.; Wallace, J.; Rhodes, C. J.; Crockett, J.